UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| JAYME P. SEBERS, ) | |
| ) | |
| Petitioner, ) | No. 06 C 2155 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| DON HULICK, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jayme P. Sebers, petitions for a writ of *habeas corpus* against the Warden of the Menard Correctional Center, Don Hulick, pursuant to 28 U.S.C. § 2254. Sebers' petition raises three grounds for relief: (1) the imposition of consecutive sentences by the trial court violated *Apprendi v. New Jersey*; (2) the trial court violated *North Carolina v. Pearce* by penalizing him with consecutive sentences in retaliation for his previous meritorious appeals; and (3) ineffective assistance of counsel for failing to raise the *North Carolina v. Pearce* claim.

### BACKGROUND

The following summary of facts are drawn from the state court record, including materials submitted for purposes of appeal and post-conviction relief.

In September 1990 and February 1991, Sebers and his co-defendant, Joseph Hampton, were charged with multiple counts of attempted murder, armed robbery, and aggravated battery. The charges stemmed from an incident that occurred on August 27, 1990.

On August 27, 1990, Sebers and Hampton were drinking alcohol on the side of Sundown Lane outside of Oswego, Illinois. Michael Litcher and his 11-year-old daughter, while taking a walk

on Sundown Lane, walked by Sebers and Hampton; after which time, Sebers and Hampton decided to rob Michael. Sebers and Hampton got into their vehicle, and Sebers drove and hit Michael with the vehicle. With Michael on the ground, Sebers and Hampton exited their vehicle Sebers took Michael's wallet, and Hampton beat both Michael and his daughter with an ax handle. Sebers and Hampton then left the scene.

On August 20, 1991, Sebers pled guilty to two counts of attempted first-degree murder and one count each of armed robbery and aggravated battery. On October 7, 1991, Sebers was sentenced to two consecutive 45-year terms of imprisonment for the attempted murder convictions and concurrent terms of 30 and 5 years of imprisonment for the armed robbery and aggravated battery convictions. On November 6, 1991, Sebers filed a motion to withdraw his guilty plea and vacate judgment and a motion to reconsider his sentence. On December 26, 1991, the trial court denied Sebers' motions. On February 18, 1992, Sebers appealed his conviction and sentence to the Second District Appellate Court. On December 3, 1993, the Appellate Court dismissed Sebers' appeal for want of jurisdiction.

Sebers filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court. On April 6, 1994, the Illinois Supreme Court allowed the PLA and summarily vacated the Appellate Court's order dismissing Sebers' appeal and remanded the case for consideration on the merits. On June 7, 1994, the Appellate Court reversed the trial court's order denying Sebers' motion to withdraw his guilty plea and remanded the case back to the trial court to allow Sebers to plead anew.

On re-trial, Sebers sought a jury trial. The trial court denied a jury trial; and a bench trial commenced on October 26, 1994. Sebers was found guilty of two counts of attempted murder and one count each of armed robbery and aggravated battery. On January 5, 1995, Sebers was sentenced

to two consecutive 25-year terms of imprisonment for the attempted murder convictions and one 30-year term of imprisonment for the armed robbery conviction and an extended 10-year term of imprisonment for the aggravated battery conviction. Sebers appealed his second conviction and sentence to the Appellate Court, arguing that the trial court erred in denying his request to reinstate his demand for a jury trial, ineffective assistance of counsel for presenting no defense theory, and the 10-year extended term of imprisonment for aggravated battery. On March 3, 1997, the Appellate Court reversed and remanded the case, finding that the trial court erred in denying Sebers' request to reinstate his demand for a jury trial.

On March 23, 1998, a jury trial commenced, after which Sebers was found guilty of two counts of attempted murder, one count of armed robbery, and two counts of aggravated battery. On July 20, 1998, Sebers was sentenced to serve concurrent extended terms of 50 years' imprisonment for the attempted murder convictions and 5-year's imprisonment for the aggravated battery convictions. Sebers was also sentenced to serve a 25-year term for the armed robbery conviction, which was made consecutive to the attempted murder sentences. Sebers again appealed. In a Rule 23 Order, the Appellate Court affirmed the armed robbery and aggravated battery sentences but vacated the attempted murder sentences as illegal increases and remanded the cause for resentencing. The Appellate Court directed the trial court to decide whether the armed robbery sentence could run consecutively in view of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*Apprendi*).

On resentencing, the trial court reduced the concurrent terms of imprisonment for attempted murder from 50 years' imprisonment apiece to 25 years' imprisonment. The consecutive sentence of 25-years' imprisonment for the armed robbery remained unchanged.

Sebers appealed his new sentence, arguing that the imposition of consecutive sentences based on findings by the trial court violated *Apprendi*. The Appellate Court affirmed, citing Illinois Supreme Court precedent that holds that consecutive sentencing does not implicate *Apprendi* as long as each sentence is within the statutory range for the offense that was proved to the fact finder beyond a reasonable doubt. In November 2002, Sebers filed a PLA with the Illinois Supreme Court, raising the same *Apprendi* argument. In February 2003, the Illinois Supreme Court denied Seber's PLA.

Sebers filed a *pro se* petition for post-conviction relief in the Illinois trial court in which he alleged four violations of his constitutional rights: (1) violation of his Fifth and Fourteenth Amendment rights because the trial court sentenced him to consecutive terms of imprisonment as a form of reprisal for exercising his right to appeal and to a jury trial; (2) ineffective assistance of counsel for failing to recognize and argue that the trial court retaliated against him by changing the concurrent sentences to consecutive sentences; (3) ineffective assistance of appellate counsel for failing to raise issues (1) and (2); and (4) the sentencing statute violated the single subject rule of the Illinois Constitution. The trial court summarily dismissed Sebers' petition for post-conviction relief.

Sebers appealed the dismissal of his petition for post-conviction relief, arguing that the trial court improperly issued a partial opinion as to the petition for post-conviction relief because the trial court failed to properly address his fourth argument. The Appellate Court affirmed the trial court's dismissal of the petition for post-conviction relief. In a subsequent PLA filed with the Illinois Supreme Court, Sebers argued that the trial court erred in not addressing his fourth claim. On January 25, 2006, the Illinois Supreme Court denied Sebers' PLA.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has modified the role of the federal court in reviewing state prisoner *habeas* applications to prevent "retrials" and to ensure that state court convictions are given effect to the extent possible under the law. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000) (*Williams*). A federal court will not grant *habeas corpus* relief on any claim adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A writ of *habeas corpus* may issue under the "contrary to" clause if the state court applied a rule different from the governing law set forth in the United States Supreme Court's cases or if the state court decides a case differently than the United States Supreme Court has done on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06. The court may issue a writ under the "unreasonable application" clause if the state court correctly identifies the governing legal principle of the United States Supreme Court but unreasonably applies it to the facts of the particular case. *Williams*, 529 U.S. at 407-08. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable; an unreasonable application is different than an incorrect application. *Williams*, 529 U.S. at 409-11. The burden falls on the petitioner to demonstrate that he is entitled to the relief sought. *See Woods v. Visciotti*, 537 U.S. 19, 25 (2002) (*Visciotti*). Furthermore, there is a presumption that the state court knows and follows the rules of federal constitutional law. *See Visciotti*, 537 U.S. at 24.

A *habeas corpus* petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (*Coleman*). Generally, there are two ways a procedural default occurs: (1) where the petitioner fails to raise a federal constitutional issue in the state courts (*Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996)); and (2) when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground (*Coleman*, 501 U.S. at 729-30).

A petitioner may be excused from a procedural default if he or she can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or a failure to review the claim will result in a fundamental miscarriage of justice. *Schaff v. Snyder*, 190 F.3d 513, 526 (7th Cir. 1999). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" that precludes the petitioner's ability to pursue his or her claims in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (*Murray*). Ordinarily, this requires a showing of some external impediment preventing counsel from constructing or raising the claim. *Murray*, 477 U.S. at 488.

To demonstrate a fundamental miscarriage of justice, the petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*) (quoting *Murray*, 477 U.S. at 496). Thus, the petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

### ANALYSIS

Sebers argues that the trial court's imposition of consecutive sentences violated the Supreme Court's holding in *Apprendi*. *Apprendi* held that any fact, other than the existence of a prior

conviction, that increases the penalty for a crime beyond the statutory maximum sentence must be submitted to a jury and be proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 489. The Illinois Supreme Court and the Seventh Circuit have both found that *Apprendi* is not violated by a judgment for consecutive sentences for separate offenses where the combined sentence does not exceed the combined statutory maximum for all counts on which the defendant has been convicted. *See People v. Wagner*, 196 Ill. 2d 269, 286 (2001) (*Wagner*); *United States v. Noble*, 299 F.3d 907, 908 (7th Cir. 2002). Numerous courts addressing Sebers' same argument in *habeas* proceedings have followed this reasoning, finding that the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See Garcia v. Bowen*, 2005 WL 2614852 (N.D. Ill. Oct. 12, 2005), *aff'd*, 454 F.3d 705 (7th Cir. 2006); *Thomas v. Hinsley*, 379 F. Supp. 2d 924, 925-26 (N.D. Ill. 2005); *Dyse v. Hinsley*, 2004 WL 2318848 (N.D. Ill. Oct. 12, 2004); *Miller v. Hockaday*, 2003 WL 22232832 (N.D. Ill. Sept. 22, 2003).

In the present case, the Illinois Appellate Court considered Sebers' argument and properly considered Illinois law, represented by *Wagner*, whose holding is consistent with Seventh Circuit precedent. Sebers does not argue that (nor are) his sentences exceed the statutory maximum. The state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

The Government argues that Sebers' remaining claims are procedurally barred because they were not fully presented to the state courts. Furthermore, Sebers has failed to show he should be excused from procedural default on these claims.

Before seeking federal *habeas* relief, a state prisoner must fairly present his claims in each appropriate court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (*Lewis*). This requirement means that the petitioner must raise an issue at "each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d at 1025-26. Here, Sebers presented each of the remaining arguments in one state court proceeding; however, he failed to present any of the remaining claims to each appropriate state court. Accordingly, each of the remaining claims are procedurally defaulted.

To avoid procedural default, a petitioner must show: (1) cause for the default and actual prejudice or (2) a failure to consider his claims is a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Sebers contends that his procedural default should be excused because, although he only appealed the procedural propriety of the trial court's dismissal of his petition for post-conviction relief, the appellate court could have addressed the merits following its decision that the trial court followed the proper procedure. However, Sebers never presented this argument to any of the state courts; and he has not demonstrated that he was prevented from appealing the merits of his claims. Instead, he chose to only address the procedural aspect of the state court's ruling. Sebers does not allege and has not demonstrated that a failure to review the claim would result in a miscarriage of justice. Accordingly, Sebers' remaining claims are procedurally defaulted.

## CONCLUSION

For the reasons stated above, Sebers' Petition for Writ of *Habeas Corpus* is denied.

Dated: 10-19-06

JOHN W. DARRAH
United States District Court Judge

8