UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex. rel., ) | |
| JAYME P. SEBERS, ) | |
| ) | |
| Petitioner, ) | No. 06 C 2155 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| DON HULICK, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jayme P. Sebers, seeks a certificate of appealability following the denial of his petition for writ of *habeas corpus*. Seber's petition raised three grounds for relief: (1) the imposition of consecutive sentences by the trial court violated *Apprendi v. New Jersey*; (2) the trial court violated *North Carolina v. Pearce* by penalizing him with consecutive sentences in retaliation for his previous meritorious appeals; and (3) ineffective assistance of counsel for failing to raise the *North Carolina v. Pearce* claim.

Seventh Circuit Rule 22(b) states: "In a habeas corpus proceeding in which detention complained of arises from process by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 25 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . ."

"Where a district court rejects the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel* , 529 U.S. 473, 484 (2000) (*Slack*). If a *habeas* petition is denied on procedural grounds, "a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 485.

On October 16, 2006, this Court considered Sebers' petition. The Court denied Sebers' claim on the merits as to the alleged violation of *Apprendi v. New Jersey*, finding that both the Illinois Supreme Court and the Seventh Circuit have found that *Apprendi v. New Jersey* is not violated by a judgment for consecutive sentences for separate offenses where the combined sentence does not exceed the combined statutory maximum for all counts on which the defendant has been convicted.  *See People v. Wagner*, 196 Ill. 2d 269, 286 (2001) (*Wagner*); *United States v. Noble*, 299 F.3d 907, 908 (7th Cir. 2002) (*Noble*). Sebers argues that "reasonable jurists could debate whether this petition should have been resolved by this court in a different manner" because some Illinois appellate

courts have found that consecutive sentences violate *Apprendi v. New Jersey*. However, those appellate court decisions were all prior to the Illinois Supreme Court's ruling in *Wagner*, which overrules any previous, contrary rulings. Sebers has failed to show that the Court's finding was debatable or wrong.

The Court found that Sebers' remaining two claims were procedurally barred because he failed to fully present the claims to the state courts and that Sebers failed to demonstrate cause to avoid the procedural default. Sebers concedes that he failed to present his claims in the appropriate state courts. Jurists of reason would not find it debatable whether the Court was correct in finding that Sebers did not establish cause to excuse this procedural default.

For the reasons stated above, Sebers' application for a certificate of appealability is denied.

Dated: January 11, 2007

JOHN W. DARRAH
United States District Court Judge

3